**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| VICTOR M. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:14-cv-365-WSD-LTW |
| | ) | |
| BOARD OF REGENTS OF THE | ) | **JURY TRIAL DEMANDED** |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA; FORT VALLEY STATE | ) | |
| UNIVERSITY; IVELAW GRIFFITH | ) | |
| individually and in his official | ) | |
| capacity as FVSU President; LINDA | ) | |
| NOBLE, individually and in her | ) | |
| official capacity as FVSU Interim | ) | |
| Provost & Vice President for | ) | |
| Academic Affairs; EDWARD | ) | |
| HILL, individually and in his official | ) | |
| capacity as FVSU Dean of the | ) | |
| College of Education; and TRICIA | ) | |
| ADDISON, individually and in her | ) | |
| official capacity as FVSU Chief | ) | |
| Human Resources Officer, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

COMES NOW Dr. Victor M. Brown ("Plaintiff" or "Dr. Brown") and

through the undersigned counsel of record, files this Complaint against The Board

1

of Regents of the University System of Georgia ("BOR"), Fort Valley State University ("FVSU"), Ivelaw Griffith ("Griffith"), Linda Noble ("Noble), Edward Hill ("Hill"), and Tricia Addison ("Addison").

## JURISDICTION AND VENUE

1.

This is an action for (1) discrimination based on sexin violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.* ("Title VII"); (2) retaliation for asserting rights and engaging in conduct provided for and protected under Title VII; (3) Plaintiff also brings this action for Defendants' violation of his rights protected by the Fourteenth Amendment of the United States Constitution, and the Georgia Constitution.  The jurisdiction of this Court is thus invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §1983.  Plaintiff also brings the instant action for violation of state law claims, including breach of contract, public disclosure of embarrassing private facts, and defamation.

2.

Because all defendants reside in the State of Georgia, with some defendants residing in this judicial district, venue is properly within this district pursuant to 28 U.S.C. § 1391(b)(1).

2

3.

All conditions precedent to jurisdiction under Title VII have either occurred or been complied with; specifically, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The United States Department of Justice, Civil Rights Division, mailed the Notice of Right to Sue letter to Dr. Brown on December 16, 2013. A true and correct copy of the notice is attached hereto as **Exhibit A**.  Plaintiff has brought suit within 90 days of receipt of his Notice of Right to Sue.

## **PARTIES**

4.

Plaintiff is a homosexual, African-American male citizen of the United States of America and is subject to the jurisdiction of this court. During the time that the events giving rise to this lawsuit occurred, Plaintiff resided in the State of Georgia, 800 Gunn Road, Apartment #321, Centerville, Georgia, 31028.

5.

Defendant FVSU is a college-level institution of higher learning located in Fort Valley, Georgia, and is a political subdivision of the State of Georgia with the capacity to sue or be sued.

6.

Defendant BOR is a political subdivision of the State of Georgia with the capacity to sue or be sued.  Defendant BOR operates and supervises thirty-one university and college institutions throughout the State of Georgia and is headquartered in Atlanta, Georgia.

7.

Defendant Griffith is the President of FVSU, and upon information and belief, resides in or around Fort Valley, Georgia.

8.

Defendant Noble is the Interim Provost and Vice President of Academic Affairs for FVSU, and upon information and belief, resides in or around Fort Valley, Georgia.

9.

Defendant Hill is the FVSU Dean of the College of Education, and upon information and belief, resides in or around Warner Robins, Georgia.

4

10.

Defendant Addison is the FVSU Chief Human Resources Officer, and upon information and belief, resides in or around Warner Robins, Georgia.

## FACTUAL ALLEGATIONS

11.

On or around February 13, 2013, FVSU offered Plaintiff the position of Dean, College of Arts & Sciences.  Plaintiff was then employed at Burlington County College in Pemberton, New Jersey, where he had been employed as the Dean of Science, Mathematics & Technology for one and a half years.

12.

In the days following, Plaintiff negotiated the terms of Plaintiff's position with Dr. Canter Brown, former FVSU Executive Vice President & Vice President for Academic Affairs.  The terms included the provision that Plaintiff would receive tenure with FVSU.

13.

On or around February 20, 2013, in conducting a background check of Plaintiff in connection with the offer, an arrest that occurred on December 7, 2012 in New Jersey showed up on Plaintiff's background report.

14.

Plaintiff was asked at this time to explain the arrest.  In response, Plaintiff wrote a letter to Dr. Canter Brown explaining that the arrest stemmed from a domestic dispute with Plaintiff's partner.  Plaintiff further explained that the charge had been dismissed and would soon be expunged.

15.

Dr. Canter Brown represented to Plaintiff that the letter explaining the circumstances of the arrest would only be shown to then FVSU President Larry Rivers, FVSU attorney Charles Jones, and Defendant Addison.  Despite making this representation, upon information and belief, Defendant Addison showed the letter to numerous other FVSU employees who should not have been made privy to its content.

16.

On or around August 16, 2013, the Superior Court of New Jersey, Camden County expunged the charge.

17.

By letter dated March 8, 2013, Plaintiff received an official offer of employment for the position of Dean of the College of Arts & Sciences.

18.

By letter dated March 15, 2013, Plaintiff accepted the FVSU offer of employment for the position of Dean, College of Arts & Sciences.

19.

In or around March, 2013, Dr. William Hill, Chair of the Search Committee that was formed for Plaintiff's position, informed Plaintiff that several members of the Search Committee and FVSU administrative staff had been opposed to any offer of employment to Plaintiff because of his sexual orientation.

20.

On or around April 15, 2013, Plaintiff arrived on the FVSU campus to commence his employment with FVSU.

21.

On or around May 20, 2013, Dr. William Hill informed Plaintiff that Dr. Danielle Gray-Singh, FVSU Associate Vice President for Academic Affairs, was trying to have Plaintiff terminated because of his sexual orientation.

22.

By letter dated May 30, 2013, then President Larry Rivers informed Plaintiff he was, effective immediately, awarded the academic rank of Associate Professor of Biology with tenure.

23.

On or around June 26, 2013, Plaintiff and FVSU executed an employment agreement confirming Plaintiff's position as Dean of the College of Arts & Sciences as a tenured personnel.

24.

By letter dated July 3, 2013, Dr. Canter Brown informed Plaintiff that based on directives from Kimberly Ballard-Washington, Interim President of FVSU and BOR's Vice Chancellor for Legal Affairs, the award of Associate Professor of Biology with tenure contained in the May 30, 2013 letter from FVSU President Larry E. Rivers was in violation of Board of Regents policy, and that Plaintiff's rank and tenure were thereby revoked.

25.

During a discussion regarding another open position at FVSU, Dr. Melody Carter, FVSU Vice President for External Affairs, stated that "one of the

candidates interviewed well on Skype but the way he dressed indicated he was gay, and we do not want those type of people here."

26.

On or around August 25, 2013, the Centerville, Georgia police department arrested Plaintiff and charged him with criminal damage/trespass in connection with a domestic dispute with his partner, despite the fact that Plaintiff and his partner were both lessees of the property on which Plaintiff was arrested.

27.

Pursuant to FVSU policy, Plaintiff reported the incident to FVSU within 72 hours of the incident.

28.

On or around August 28, 2013, Plaintiff discussed the incident with Defendant Noble, Defendant Addison, and Denise Eady, FVSU Compliance Officer.

29.

Days later, FVSU Administrator and faculty member Dr. Glen Jones overheard Defendant Addison state in a telephone conversation with Defendant Hill, that FVSU "needed to see if they could get [Plaintiff] in a position where he would not want to come back."

9

30.

In a subsequent conversation, Defendant Hill admitted to Glen Jones that Defendant Addison was speaking to him over the telephone when he overheard Defendant Addison make this comment.  Defendant Hill also stated to Glen Jones that Plaintiff had been "dismissed" from his position with FVSU because Plaintiff "beat up his boyfriend."  Defendant Hill stated further to Glen Jones that he had had a meeting with Defendant Noble, who stated that Plaintiff "would not be employed with FVSU much longer."  Hill stated further to Dr. Glen Jones that Plaintiff "never should have brought his boyfriend down here," and stated further that Plaintiff's partner was "the biggest drag queen in the country."

31.

On or around August 28, 2013, Addison informed Plaintiff he was being placed on administrative leave.  Defendant Noble informed the plaintiff that he would be returned as Dean once the incident was investigated by Mr. Jones, FVSU's Chief Legal Counsel.

32.

On or around August 29, 2013, Noble disclosed via e-mail to FVSU faculty, staff, and students that Plaintiff had been placed on administrative leave pending the outcome of criminal charges against him.

33.

On or around August 30, 2013, Defendant Addison, asked Plaintiff to surrender his office keys.

34.

In or around August 2013, Dr. Meigan Fields informed Plaintiff that Dr. Gray-Singh had asked her to become Plaintiff's Assistant Dean so that Dr. Fields could report to Gray-Singh any information about Plaintiff that could lead to Plaintiff's termination.

35.

By letter dated August 29, 2013 and addressed to Defendant Griffith and Board of Regents Chancellor Hank Huckabee, Plaintiff lodged a formal complaint regarding FVSU's unlawful employment practices, specifically stating that his rights under Title VII and the U.S. Constitution had been violated.

36.

On or around September 18, 2013, Plaintiff was called into a meeting with Defendant Noble and FVSU legal counsel Charles Jones.  At the meeting, Plaintiff was informed that he had been demoted to the position of faculty in the Department of Biology and was required to write FVSU's draft policy on Diversity, a position for which Plaintiff had no experience or training, and which moreover was completely unrelated to his field of expertise.

37.

By letter dated September 18, 2013, Defendant Noble informed Plaintiff that the date that his administrative contract was set to end was being changed from July 30, 2014, to May 15, 2014, he was being immediately demoted and his salary would be reduced.

38.

On or around September 23, 2013, the charges against Plaintiff for criminal damage/trespass stemming from the August 25, 2013 incident were dismissed. The charges were expunged from Plaintiff's record in or around January 2014.

## COUNT ONE
## SEXUAL DISCRIMINATION BASED ON SEX
## IN VIOLATION OF TITLE VII
## (Defendants BOR and FVSU)

39.

Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

40.

The relationship between Plaintiff and Defendant FVSU, through Defendant BOR,was a relationship of employee to employer within the meaning of 42 U.S.C. § 2000e *et seq*., such that a cause of action exists where discrimination on the basis of sex is alleged to be the causative agent of an adverse action directed to the employee by the employer.

41.

The discriminatory treatmentto which Plaintiff was subjected by Defendants because of his sexual orientation was in violation of 42 U.S.C. § 2000e *et seq.*, thus entitling him to all appropriate relief provided under the statute.

42.

Defendants' persistent discriminatory treatment of Plaintiff, constituted disparate treatment based on sex, such that Defendants' intentional disparate treatment impacted Plaintiff's terms, conditions and privileges of employment.

43.

Defendants' actions were the products of unlawful sexual animus on the part of Defendants. Defendants had no legitimate, non-discriminatory purpose, motive or intent to justify their actions against Plaintiff.

44.

Defendants intentionally, willfully and wantonly disregarded Plaintiff's rights as an employee and Defendants' discriminatory actions were undertaken in bad faith.

45.

As a direct and proximate result of Defendants' intentional and unlawful conduct, which was intended to cause Plaintiff harm, and/or was committed with reckless disregard of the harm caused to Plaintiff, and in derogation of his federally protected rights, Plaintiff has suffered and continues to suffer emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, danger to his reputation, and other past and future pecuniary losses.

## COUNT TWO
## RETALIATION IN VIOLATION OF TITLE VII
## (Defendants BOR and FVSU)

46.

Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

47.

Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from retaliating against employees who engage in a protected activity on the basis of sex, including opposing sexual discrimination.

48.

The relationship between Plaintiff and Defendant BOR through its unit institution, FVSU, was a relationship of employee to employer within the meaning of 42 U.S.C. § 2000e *et seq*., such that a cause of action exists where retaliation on the basis of opposing and reporting sexual discrimination is alleged to be the causative agent of an adverse action directed to the employee by the employer.

49.

Defendants' decision to take adverse employment action against Plaintiff after Plaintiff complained about the discriminatory conduct that he suffered violated Title VII's anti-retaliation provisions.

50.

Defendants' revocation of Plaintiff's tenure, and demotion because he opposed Defendants' sex-based discriminatory conduct and disparate treatment constitutes unlawful retaliation against Plaintiff in violation of Title VII.

51.

The retaliation to which Plaintiff was subjected by Defendants violated 42 U.S.C. § 2000e *et seq*., thus entitling him to all appropriate relief provided under the statute.

52.

Defendants' actions with respect to Plaintiff have shown willful misconduct, malice, fraud, wantonness, oppression, and complete want of care, thus entitling Plaintiff to an award of punitive damages in order to deter, punish and penalize Defendants for and from such conduct in the future.

53.

Defendants' actions were willful, deliberate, and intended to cause Plaintiff harm and/or were committed with reckless disregard of the harm caused to Plaintiff in derogation of his federally protected rights.

54.

Defendants willfully and wantonly disregarded Plaintiff's rights as an employee, and Defendants acted in bad faith by retaliating against Plaintiff because he objected to Defendants' sex-based discriminatory practices.

55.

As a direct and proximate result of Defendants' intentional and unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, loss of reputation, and other past and future pecuniary losses.

## COUNT THREE
## 42 U.S.C. § 1983: PROCEDURAL AND SUBSTANTIVE DUE PROCESS
### (All Defendants)

56.

Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

57.

Article I, Section I, Paragraph 1 of the Georgia Constitution, and the Due Process Clause of the Fourteenth Amendment, guarantee that no person shall be deprived of life, liberty or property without due process of law.

58.

Tenured faculty at public universities enjoy protected property interests in their tenured positions such that due process must be afforded them prior to the nullification of that interest.  At a minimum, this includes notice and an opportunity to be heard.

59.

At no time have Defendants BOR or FVSU provided Plaintiff with these rights.

60.

In light of Defendants BOR and FVSU's retaliatory actions and the injuries to Plaintiff arising therefrom, neither the State of Georgia's nor Defendant BOR's procedures will provide Plaintiff with adequate pre- or post-deprivation remedy to cure the erroneous deprivation of his property rights and liberty interests.

61.

Because Defendants BOR and FVSU were well aware that Plaintiff had a property interest in his tenured position with FVSU, and was thus entitled to a fair and open hearing prior to the nullification of his tenure, Defendants BOR and FVSU are liable for violating Plaintiff's rights protected by the Fourteenth Amendment.

62.

The denial of constitutional rights is irreparable injury *per se*, and Plaintiff is entitled to declaratory and injunctive relief.  In addition, Plaintiff is entitled to damages to be determined by an impartial jury.

**COUNT FOUR**
**42 U.S.C. § 1983: PROCEDURAL AND SUBSTANTIVE DUE PROCESS**
**(Individual Defendants in Personal Capacity)**

63.

Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

64.

Article I, Section I, Paragraph 1 of the Georgia Constitution, and the Due Process Clause of the Fourteenth Amendment, guarantee that no person shall be deprived of life, liberty or property without due process of law.

65.

Tenured faculty at public universities enjoy protected property interests in their tenured positions such that due process must be afforded them prior to the nullification of that interest.  At a minimum, this includes notice and an opportunity to be heard.

66.

At no time have Defendants provided Plaintiff with these rights.

67.

In light of Defendants' retaliatory actions and the injuries to Plaintiff arising therefrom, neither the State of Georgia's nor Defendant BOR's procedures will provide Plaintiff with adequate pre- or post-deprivation remedy to cure the erroneous deprivation of his property rights and liberty interests.

68.

Because Defendants were well aware that Plaintiff had a property interest in his tenured position with FVSU, and was thus entitled to a fair and open hearing prior to the nullification of his tenure, Defendants are liable for violating Plaintiff's rights protected by the Fourteenth Amendment.

69.

The denial of constitutional rights is irreparable injury *per se*, and Plaintiff is entitled to declaratory and injunctive relief.  In addition, Plaintiff is entitled to damages to be determined by an impartial jury.

## COUNT FIVE
## BREACH OF CONTRACT
## (Defendants BOR and FVSU)

70.

Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

71.

Defendants BOR and FVSU's offer of tenure to Plaintiff, and Plaintiff's acceptance of said offer, verbally and in writing, establish a binding agreement between these Defendants and Plaintiff.

72.

Incorporated in this agreement is Defendant BOR and FVSU's obligation to follow the procedures they have established for the revocation of tenure.

73.

Defendants failed to follow these binding procedures and unlawfully nullified Plaintiff's tenure at FVSU.

74.

The Georgia State Legislature has waived the sovereign immunity of the State and its departments and agencies for claims for breach of written contracts. O.C.G.A. § 50-21-1(a).

75.

Defendants BOR and FVSU's actions in failing to provide the procedures and rights guaranteed by their own policies have imposed substantial economic harm upon Plaintiff, who has lost the financial and social benefits of the tenured position he was offered by Defendants BOR and FVSU, has suffered reputational harm, has been forced to bear the financial burden of relocation from New Jersey to Georgia, lack of work, and has been forced to move back to New Jersey after relocating to FVSU to accept the administrative and tenured position that Defendants BOR and FVSU unlawfully revoked.

76.

Defendants BOR and FVSU's actions constitute breach of contract, and Plaintiff is entitled to compensatory damages to be determined by an impartial jury.

### COUNT SIX
### BREACH OF CONTRACT
### (Defendants BOR and FVSU)

77.

Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

78.

Defendants BOR and FVSU's offer of an administrative position to Plaintiff for which Plaintiff would be paid through and including July 30, 2014, and Plaintiff's acceptance of said offer, verbally and in writing, establish a binding agreement between these Defendants and Plaintiff.

79.

Defendants unlawfully breached the parties' agreement by changing the end date of Plaintiff's administrative position from July 30, 2014, to May 15, 2014.

80.

The Georgia State Legislature has waived the sovereign immunity of the
State and its departments and agencies for claims for breach of written contracts.
O.C.G.A. § 50-21-1(a).

81.

Defendants BOR and FVSU's actions in breaching their contract with
Plaintiff have imposed substantial economic harm upon Plaintiff, who has lost the
financial benefits of the original contract he was offered by Defendants BOR and
FVSU, has suffered reputational harm, has been forced to bear the financial burden
of relocation from New Jersey to Georgia, lack of work, and has been forced to
move back to New Jersey after relocating to FVSU to accept the administrative
position that Defendants BOR and FVSU unlawfully revoked.

82.

Defendants BOR and FVSU's actions constitute breach of contract, and
Plaintiff is entitled to compensatory damages to be determined by an impartial
jury.

## COUNT SEVEN
## DEFAMATION – SLANDER PER SE
## (Defendants BOR and FVSU)

### 83.

Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

### 84.

Defendants wrongfully accused Plaintiff of crimes punishable by law when Dr. Edward Hill, while acting in his capacity as FVSU Dean of the College of Education and while acting within the scope of his employment with FVSU, made false statements alleging Plaintiff had battered his partner, among other statements.

### 85.

The false statements made by Defendants were malicious and intended to damage the reputation of Plaintiff.

### 86.

Defendants intentionally and/or recklessly published these statements to third parties.

### 87.

As a direct and proximate result of Defendants' actions, as described above, Plaintiff has suffered damages and is entitled to recover compensatory and punitive

damages, costs, expenses, and attorneys' fees.  Additionally, because Defendant

FVSU, Defendant BOR, and/or their employees or agents made false statements

imputing to Plaintiff the commission of crimes punishable by law, damages are

inferred.

**COUNT EIGHT**
**DEFAMATION – SLANDER PER SE**
**(Defendant Hill in His Individual Capacity)**

88.

Plaintiff re-alleges and incorporates by reference each and every preceding

paragraph as if fully set forth herein.

89.

Defendant Hill wrongfully accused Plaintiff of crimes punishable by law

when Defendant Hill made false statements alleging Plaintiff had battered his

partner, among other statements.

90.

The false statements made by Defendant Hill were malicious and intended to

damage the reputation of Plaintiff.

91.

Defendant Hill intentionally and/or recklessly published these statements to

third parties.

26

92.

As a direct and proximate result of Defendant Hill's actions, as described above, Plaintiff has suffered damages and is entitled to recover compensatory and punitive damages, costs, expenses, and attorneys' fees.  Additionally, because Defendant Hill made false statements imputing to Plaintiff the commission of crimes punishable by law, damages are inferred.

## COUNT NINE
## PUBLIC DISCLOSURE OF EMBARRASSING PRIVATE FACTS
### (Defendants BOR and FVSU)

93.

Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

94.

Through Defendants Addison and Noble, both of whom were acting within their official capacities as employees of FVSU and within the scope of their employment at FVSU, Defendants BOR and FVSU publicized private information concerning the erroneous arrests of Plaintiff, both of which were dismissed and expunged, by sending a mass email containing this information to FVSU faculty, staff, and students; and also by providing a letter written by Plaintiff containing this information to numerous FVSU employees without Plaintiff's consent.

27

95.

A reasonable person in Plaintiff's position would consider the publicity highly offensive.

96.

Defendants knew, or acted with reckless disregard of the fact that a reasonable person in Plaintiff's position would consider the publicity highly offensive.

97.

Defendants knew, or acted with reckless disregard of the fact that a reasonable person in Plaintiff's position would consider the publicity highly offensive.

98.

Plaintiff was harmed by the disclosure in that he was terminated from his tenured position with FVSU and suffered significant loss of reputation.

## COUNT TEN
## PUBLIC DISCLOSURE OF EMBARRASSING PRIVATE FACTS
### (Defendant Addison in Her Individual Capacity)

99.

Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

100.

Defendant Addison publicized private information concerning the erroneous arrests of Plaintiff, both of which arrests were dismissed and expunged, by providing a letter written by Plaintiff containing this information to numerous other FVSU employees without Plaintiff's consent.

101.

A reasonable person in Plaintiff's position would consider the publicity highly offensive.

102.

Defendant Addison knew, or acted with reckless disregard of the fact that a reasonable person in Plaintiff's position would consider the publicity highly offensive.

103.

Defendant Addison knew, or acted with reckless disregard of the fact that a reasonable person in Plaintiff's position would consider the publicity highly offensive.

104.

Plaintiff was harmed by the disclosure in that he was terminated from his tenured position with FVSU and suffered significant loss of reputation.

## COUNT ELEVEN
## PUBLIC DISCLOSURE OF EMBARRASSING PRIVATE FACTS
### (Defendant Noble in Her Individual Capacity)

### 105.

Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

### 106.

Defendant Noble publicized private information concerning the erroneous arrests of Plaintiff, both of which were dismissed and expunged, by sending a mass email containing this information to FVSU faculty, staff, and students without Plaintiff's consent.

### 107.

A reasonable person in Plaintiff's position would consider the publicity highly offensive.

### 108.

Defendant knew, or acted with reckless disregard of the fact that a reasonable person in Plaintiff's position would consider the publicity highly offensive.

109.

Defendant knew, or acted with reckless disregard of the fact that a reasonable person in Plaintiff's position would consider the publicity highly offensive.

110.

Plaintiff was harmed by the disclosure in that he was terminated from his tenured position with FVSU and suffered significant loss of reputation.

## COUNT TWELVE
## ATTORNEY'S FEES AND COSTS
### (All Defendants)

111.

Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

112.

Plaintiff is entitled to an award of his attorney's fees and expenses of litigation on each and every cause of action alleged herein, because Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

## COUNT THIRTEEN
## (PUNITIVE DAMAGES)
## (All Defendants)

### 113.

Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

### 114.

Defendants' actions with respect to Plaintiff have shown willful misconduct, malice, fraud, wantonness, oppression, and complete want of care, thus entitling Plaintiff to an award of punitive damages in order to deter, punish and penalize Defendants for and from such conduct in the future.

### 115.

Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

1) That Plaintiff's Complaint be granted;

2) That this Court issue process and require that Defendants be served as provided by law to answer each and every allegation in the Complaint;

3) That a trial by jury be granted as to the Complaint;

4) That the Court grant Plaintiff declaratory and injunctive relief, and award compensatory damages, including damages for lost earnings, emotional distress, and for all other damages claimed herein, including punitive damages, in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate;

5) That the Plaintiff be awarded all back pay, front pay, and lost benefits resulting from Defendants' unlawful discrimination and retaliation;

6) That all costs and attorney's fees be against Defendants;

7) For such additional relief as the Court deems just and proper.

**Jury Demand**

Plaintiff herein requests trial by jury of all issues in this action.

Respectfully submitted this <u>7th</u> day of February, 2014.

**Molden& Holley, LLC**

<u>s/ Regina S. Molden</u>
Regina S.Molden
Georgia Bar No. 515454
Bradley L. Wilson
Georgia Bar No. 752302
233 Peachtree Street NE
Suite 1245
Peachtree Center - Harris Tower
Atlanta, Georgia 30303

33

Telephone: (404) 324-4500
Facsimile: (404)324-4501
Email: rmolden@moldenholley.com
bwilson@moldenholley.com

*Attorneys for Plaintiff Victor Brown*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D, counsel hereby certify that the foregoing pleading has been prepared using Times New Roman 14 point font, as approved by Local Rule 5.1C.

**DATED:**   February 7, 2014

<u>s/Regina Sledge Molden</u>
Regina Sledge Molden
Georgia Bar No. 515454
